# No. 18-70008

======================================================================

## In the United States Court of Appeals
## for the Fifth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee*,

**v.**

**BRANDON BERNARD,**

*Defendant-Appellant.*
_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**
_____

**APPELLEE'S BRIEF FOR THE UNITED STATES OF AMERICA**
_____

**JOHN F. BASH**
**United States Attorney**

**JOSEPH H. GAY, JR.**
**Assistant United States Attorney**
**Western District of Texas**
**601 N.W. Loop 410, Suite 600**
**San Antonio, Texas 78216**
**(210) 384-7090 / (210) 384-7031**

**ATTORNEYS FOR APPELLEE**

======================================================================

## **RECOMMENDATION ON ORAL ARGUMENT**

The United States of America suggests oral argument would not significantly aid the decisional process in this case. The issue(s) raised on appeal can be determined upon the briefs that adequately present the record and legal arguments relevant to this appeal. See FED. R. APP. P. 34(a)(2)(C).

# **TABLE OF CONTENTS**

RECOMMENDATION ON ORAL ARGUMENT.................................................. ii

LIST OF AUTHORITIES................................................................... iv

JURISDICTION.................................................................................1

STATEMENT OF THE ISSUE.............................................................1

STATEMENT OF THE CASE..............................................................1

    A.  Course of Proceedings and Disposition in the Court Below .........................1

    B.  Statement of Facts Underlying the Offense....................................................2

    C.  Appellant's Rule 60(b) Motion ........................................................4

SUMMARY OF THE ARGUMENT ......................................................5

ARGUMENTS AND AUTHORITIES .....................................................6

CONCLUSION .................................................................................9

CERTIFICATE OF SERVICE ...........................................................10

CERTIFICATE OF COMPLIANCE....................................................11

# LIST OF AUTHORITIES

## Federal Cases

*Balentine v. Thaler,* 626 F.3d 842 (5th Cir. 2010)......................................................7

*Buck v. Davis,* 137 S. Ct. 759 (2017).......................................................................5

*Gonzalez v. Crosby,* 545 U.S. 524 (2005).............................................................6, 7

*In re Coleman,* 768 F.3d 367 (5th Cir. 2014).........................................................7, 9

*In re Sepulvado,* 707 F.3d 550 (5th Cir. 2013)..........................................................6

*United States v. Hernandes,* 708 F.3d 680 (5th Cir. 2013)....................................8, 9

*United States* v. *Rich,* 141 F.3d 550 (5th Cir. 1998)...................................................8

*United States v. Williams,* 274 Fed. App'x 346 (5th Cir. 2008)..............................6

## Federal Statutes

18 U.S.C. § 3742.......................................................................................................1

28 U.S.C. § 1291.......................................................................................................1

28 U.S.C. § 2244....................................................................................................5, 6

28 U.S.C. § 2255.......................................................................................................5

## Federal Rules

FED. R. APP. P. 34(a)(2)(C) .....................................................................................ii

## JURISDICTION

This is an appeal from a final judgment of the district court in a criminal case. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether Appellant is entitled to a COA based upon his generalized speculation and conjecture that Judge Smith's alleged unfitness precluded a meaningful review of potentially meritorious claims by both the district court and this Court.

## STATEMENT OF THE CASE

### A. Course of Proceedings and Disposition in the Court Below.

Appellant Brandon Bernard and co-defendant Christopher Andre Vialva were convicted under federal law of capital murder, and subsequently sentenced to death (ROA.380-81). Appellant's sentence and conviction were affirmed on direct appeal by this Court on July 19, 2002 (ROA.395). Appellant's subsequent Section 2255 motion was denied by the district court on September 28, 2012 (ROA.1811). His petition for certificate of appealability was denied by this Court on August 11, 2014 (ROA.2056-80). On January 19, 2016, the Supreme Court denied Appellant's petition for a writ of certiorari (ROA.2084).

On November 30, 2017, Appellant filed a Motion for Relief From Judgment pursuant to Federal Rule of Criminal Procedure 60(b)(6) (ROA.2176-2221). By order dated December 20, 2017, and entered on the docket on December 21, 2017, the district court concluded the Rule 60(b) motion should be construed as a successive Section 2255 motion (ROA.2253). Accordingly, the motion was dismissed for lack of jurisdiction (ROA.2253-58) (ROA.2259). On February 19, 2018, Appellant filed a timely Notice of Appeal (ROA.2260).

## B. Statement of Facts Underlying the Offense.

On June 20, 1999, Christopher Andre Vialva, Christopher Lewis, and Tony Sparks, members of a gang in Killeen, Texas, met to plan a carjacking (ROA.396). The following day, the three men enlisted two fellow gang members, Brandon Bernard (Appellant) and Terry Brown, to assist in the carjacking plan (ROA.397). In possession of a .22 pistol and a Glock .40 caliber handgun, they set out in search of a victim (ROA.397). At a convenience store in Killeen, Texas, they found Todd Bagley using a pay phone (ROA.398). Tod and his wife Stacie were youth ministers from Iowa, and were in Killeen visiting friends and to attend a revival meeting at their former Killeen church (ROA.398). Lewis and Sparks approached Todd and asked for a ride, and Todd agreed (ROA.398). The gang subsequently ordered them to stop the car and exit the vehicle, and they stole Todd's wallet, Stacie's purse, and the couple's jewelry (ROA.398). They demanded the pin numbers from the

2

Bagley's ATM cards, and then forced them into the trunk of their car (ROA.399). Vialva then drove around trying to pawn Stacie's wedding ring and unsuccessfully trying to withdraw money from ATM machines, because the Bagleys had less than one hundred dollars in their account (ROA.399).

While locked in the trunk, the Bagleys spoke with Lewis and Sparks through the rear panel of the car, asking about God, Jesus and church (ROA.399). Following the conversation, Sparks told Vialva he no longer wanted to go through with the crime, but Vialva insisted on killing the Bagleys and burning their car to eliminate the witnesses and the gangs' fingerprints (ROA.399). The Bagleys continued to talk to Lewis and Sparks and pleaded for their lives (ROA.400).

Vialva, Lewis and Sparks later met Appellant and Brown, and Vialva repeated that he had to kill the Bagleys because they had seen his face (ROA.400). Appellant and Brown set off to purchase fuel to burn the Bagley's car (ROA.400). After dropping Sparks off, Vialva, Appellant, Lewis, and Brown drove to an isolated spot on the Fort Hood military reservation, and parked the car (ROA.400). Brown and Appellant poured lighter fluid on the interior of the car while the Bagleys sang and prayed in the trunk (ROA.400). Vialva told Lewis to open the trunk, and Vialva shot Todd in the head with the .40 caliber gun, killing him instantly (ROA.400). Vialva then shot Stacie in the right side of her face, knocking her unconscious, but

3

not killing her (ROA.400). Appellant set the car on fire (ROA.400-401). An autopsy later revealed that Stacie died from smoke inhalation (ROA.401).

After setting the fire, they ran down the hill to Appellant's car, but their getaway was foiled when the car slid off the road into a muddy ditch (ROA.401). When firefighters found the bodies in the trunk, the gang members were taken into custody (ROA.401).

### C. Appellant's Rule 60(b) Motion

On November 30, 2017, a month after Appellant's co-defendant Christopher Vialva filed a Rule 60(b) motion to vacate the district court's denial of his Section 2255 motion, Appellant filed a similar motion largely parroting the arguments raised in Vialva's motion (ROA.2176-2221). Both motions focused on the alleged unfitness of the Honorable Judge Walter S. Smith to preside over the Section 2255 proceedings[1] (ROA.2254). Specifically, they contended: (1) Judge Smith was unfit to preside over the Section 2255 proceedings because of various " impairments"[2] which are now a matter of public record; (2) this alleged lack of fitness was illustrated by the fact it took over seven years to produce an Order and Judgment;

---

[1] Judge Smith also presided over the original trial (ROA.2254, n.1)

[2] These alleged impairments--which included a failure to properly follow procedures regarding recusal, as well as a reputation for drinking and having a temper--stem from a 2014 investigation into allegations that Judge Smith had made unwanted sexual advances toward a member of his staff in 1998. As a result of the investigation, Judge Smith was reprimanded and prohibited for a year from being assigned any new cases (ROA.2254, n.2).

(3) Judge Smith failed to recuse himself despite having presided over the trial resulted in an appearance of bias; (4) this bias was apparent by Judge Smith's summary dismissal of potentially meritorious claims without an evidentiary hearing (ROA.2254-55). According to Appellant and Vialva, these defects were also compounded on appeal by the Fifth Circuit's flawed procedure for determining the standard for appellate review. *See Buck v. Davis,* 137 S. Ct. 759, 777 (2017) (ROA.2255). As a result, Appellant and Vialva asked the district court to vacate Judge Smith's Order and Judgment denying Section 2255 relief and to reinitiate the post-conviction review process by reviewing anew the allegations raised in their Section 2255 motions (ROA.2255).

The district court concluded that the Rule 60(b) motions should be construed as successive Section 2255 motions (ROA.2257). The court further found that because they had not obtained leave from the Fifth Circuit to file a successive motion as dictated by Sections 2244(b)(3)(A) and 2255(h), the court lacked jurisdiction to consider the motions (ROA.2257). Accordingly, the motions were dismissed (ROA.2257).

## SUMMARY OF THE ARGUMENT

The district court properly concluded that Appellant's Rule 60(b) motions should be construed as successive Section 2255 motions. Although couched under the guise of Judge Smith's alleged unfitness, Appellant's motion simply re-asserts

substantive claims of error attacking the validity of his conviction. These claims fall well-short of establishing that Bernard was denied a meaningful review of potentially meritorious claims by both the district court and the Fifth Circuit. Bernard's speculative allegations of Judge Smith's general unfitness utterly fails to make the required "substantial showing of the denial of a constitutional right" to entitle that a COA be granted in this case.

## **ARGUMENT AND AUTHORITIES**

A district court has jurisdiction to consider a Rule 60(b) motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005); *United States v. Williams,* 274 Fed. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to Section 2255 motions). A motion that seeks to add a new ground for relief or attacks the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of 28 U.S.C. § 2244(b). *Gonzalez,* 545 U.S. at 531-32; *In re Sepulvado,* 707 F.3d 550, 552 (5th Cir. 2013). In other words, a motion that asserts or reasserts substantive claims of error actually attacking the validity of the movant's conviction may be treated as a successive Section 2255 motion to vacate.

By contrast, a motion that shows "a non-merits-based defect in the district court's earlier decision on the federal habeas petition" falls within the jurisdiction of the district court to consider. *Balentine v. Thaler,* 626 F.3d 842,847 (5th Cir. 2010). Thus, if the Rule 60(b) motion only attacks a "defect in the integrity" of the movant's federal habeas proceedings and does not seek to advance any substantive claims, the motion shall not be treated as a second-or-successive motion. *Gonzalez,* 545 U.S. at 532. However, it is extraordinarily difficult to establish a claim of procedural defect:

> Procedural defects are narrowly construed. They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar. They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.

*In re Coleman,* 768 F.3d 367, 371-72 (5th Cir. 2014) (alterations omitted).

Here, Appellant argues that a COA should issue because "procedural defects outside of his control corrupted his collateral review process and that those extraordinary circumstances brought his case within the compass of Rule 60(b)." Appellant's Brief at 20. The problem with Appellant's contention is that there is nothing linking Judge Smith's alleged unfitness with the resolution of his prior Section 2255 by either Judge Smith or, as he now asserts, this Court. The district court properly found that even a cursory examination of the motions revealed that

their true intent was to resurrect the numerous constitutional claims adjudicated on the merits in the original Section 2255 proceedings. Removed from their unsupported ties to Judge Smith's alleged unfitness, Appellant's claims fit the very definition of a successive motion. *See United States v. Hernandes,* 708 F.3d 680, 682 (5th Cir. 2013) (finding Rule 60(b) motion to be a"§ 2255 motion in disguise" because it attacked federal court's previous resolution of claim on the merits); *United States* v. *Rich,* 141 F.3d 550, 551 (5th Cir. 1998) (finding attempt to raise same claim already raised in motion to vacate, even if supplemented  by new Supreme Court precedent, is properly  construed *as* a successive Section 2255 motion).

Moreover, the alleged defects in this case did not preclude a merits determination as Appellant now suggests.  Bernard's assertions that Judge Smith's general "unfitness" gave rise to alleged errors in this specific case is nothing but pure conjecture and speculation.  Contrary to these speculative assertions, the record reflects that the district court adjudicated each of the numerous constitutional allegations raised in Appellant's Section 2255 motion on the merits, and the Fifth Circuit denied review of seven of the allegations when they were raised on appeal. Appellant's challenges to the review ultimately given by the district court and, importantly, *this Court* are clearly substantive rather than procedural. In sum, Appellant disagrees  with  the result of the previous proceedings and  is essentially asking "for a second chance to have the merits determined favorably." *In re*

*Coleman,* 768 F.3d at 372. Because the alleged procedural defects are simply an attempt to circumvent Section 2244, the motions were properly dismissed as successive Section 2255 motions which the district court had no jurisdiction to consider. *Hernandes,* 708 F.3d at 681. Bernard's speculative allegations of Judge Smith's general unfitness utterly fails to make the required "substantial showing of the denial of a constitutional right" to provide that a COA be granted in this case.

## **CONCLUSION**

For the foregoing reasons, this Court should affirm the district court's dismissal of Appellant's 60(b) motions and deny Appellant's request for a COA in this case.

Respectfully submitted,

JOHN F. BASH
United States Attorney

By:  */s/ Joseph H. Gay, Jr.*
JOSEPH H. GAY, JR.
Assistant United States Attorney

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2018, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system, which will cause a copy of the document to be electronically delivered to Appellant's counsel, Robert C. Owen and John R. Carpenter.

*/s/ Joseph H. Gay, Jr.*
JOSEPH H. GAY, JR.
Assistant United States Attorney

## **CERTIFICATE OF COMPLIANCE**

I hereby certify,

1. This brief complies with the type-volume limitation of FED.R.APP.P. 32(a)(7)(B) because this brief contains 2,005 words, excluding the parts of the brief exempted by FED.R.APP.P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED.R.APP.P. 32(a)(5) and the type style requirements of FED.R.APP.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman.

*/s/ Joseph H. Gay, Jr.*
JOSEPH H. GAY, JR.
Assistant United States Attorney

Dated: June 14, 2018

11