No. 18-70007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


CHRISTOPHER ANDRÉ VIALVA,
*Movant/Appellant,*


v.


UNITED STATES OF AMERICA,
*Respondent/Appellee.*


On Appeal from the United States District Court for the Western District
of Texas, Waco Division
Criminal Case Number W-99-CR-070


Honorable Lee Yeakel
United States District Judge


APPELLANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR CERTIFICATE OF APPEALABILITY

Susan M. Otto
Oklahoma Bar Association #6818
Federal Public Defender
Michael Lieberman
Oklahoma Bar Association #32694
Assistant Federal Public Defender
215 Dean A. McGee Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930
Telefacsimile: 405 609-5932
Electronic Mail: Susan_Otto@fd.org
Michael_Lieberman@fd.org

Jared Tyler
Texas Bar Association #24042073
Tyler Law Firm LLC
P.O. Box 764
Houston, Texas 77001
Telephone: 713 861-4004
Electronic mail: jptyler@tylerlawfirm.org

Counsel for Movant/Appellant

**THIS IS A CAPITAL CASE**

# TABLE OF CONTENTS

Table of Authorities……………………………………...…………………………..iii

Argument…………………………………………………..…………………………..1

Conclusion……………………………………………………………………….4

Certificate of Service and Compliance with ECF Filing Standards……..…………5

Certificate of Compliance……………………………………………………..6

# TABLE OF AUTHORITIES

## Federal Cases

*Boumediene v. Bush*, 553 U.S. 723 (2008)……………………………………….2

*Gonzalez v. Crosby*, 545 U.S. 524 (2005)……………………………………...1-3

*In re Coleman*, 768 F.3d 367 (5th Cir. 2014)……………………………………….3

*In re Pickard*, 681 F.3d 1201 (10th Cir. 2012)……………………………………2

## Rules of Procedure

Fed. Rule Civ. Proc. 60………………………………………………………..2

Fed. Rule Civ. Proc. 60(b)(1)……………………………………………………3

Fed. Rule Civ. Proc. 60(b)(2)……………………………………………………3

Fed. Rule Civ. Proc. 60(b)(6)……………………………………………………3

_____

Christopher Vialva files this reply to the Government's response opposing his motion for a certificate of appealability (COA).

**ARGUMENT**

The Government argues the COA to appeal the district court's ruling that Mr. Vialva's motion for relief from the judgment constitutes a successive habeas corpus petition should be denied because it properly found the "true intent" of the motion was to "resurrect" the constitutional claims adjudicated on the merits. Response at 7. The Government asserts, "[r]emoved from their unsupported ties to Judge Smith's alleged unfitness, Appellant's claims fit the very definition of a successive motion." *Id*. at 7-8. But to remove the allegations concerning Judge Smith's unfitness or the procedural irregularities below is to remove the very basis of the motion Mr. Vialva filed.

Mr. Vialva agrees if he simply filed a second Section 2255 motion raising the same claims as the first, that would constitute a successive 2255 motion. But Mr. Vialva has not done that. He filed a motion for relief from the order disposing of the first motion to vacate and argued that a defect in the integrity of the adjudication precluded meaningful review of the claims he raised. That the district court purported to address the claims on the merits is of no moment because review must be meaningful, which is to say, it must be free from defects in its integrity. *Gonzalez*

1

*v. Crosby*, 545 U.S. 524, 532 (2005); *see also Boumediene v. Bush*, 553 U.S. 723 (2008) ("We do consider it uncontroversial, however, that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law."). In short, the Government has simply begged the question presented by Mr. Vialva.

Every motion for relief under Rule 60 will ultimately lead to merits review (or at least seeks such). As observed in *In re Pickard*, 681 F.3d 1201 (10th Cir. 2012), that is the very point. The Supreme Court fully understood this point in *Gonzalez* when it observed that finality interests have little role to play in the equitable analysis for motions for relief from the judgment. *Gonzalez*, 545 U.S. at 529. Likewise, it is not the case that the purported adjudication of the merits in the initial disposal forecloses establishing a defect in the integrity of the proceeding. Such a defect in integrity can occur regardless of what the district court ultimately did or did not reach in the first proceeding. For example, if it came to light after "merits" disposition of a Section 2255 motion that the court had simply flipped a coin to determine the outcome, the Government's argument would necessarily require a court to hold that this was irremediable by way of a motion for relief under Rule 60. That absurd result proves the rule the Government advances in its response is wrong.

The Government's reliance on *In re Coleman*, 768 F.3d 367, 371-72 (5th Cir. 2014), is as misplaced as the district court's reliance was. Response at 7. *Coleman* does not represent any impediment to relief, nor debatability of that prospect. Indeed, *Coleman* gives examples of allegations which do not constitute a defect in the integrity of the proceeding, none of which Mr. Vialva has advanced. In *Gonzalez,* the Supreme Court gave examples of what *would* constitute a successive application. These included: (1) a motion "straightforwardly assert[s] that owing to 'excusable neglect,' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error;" (2) a motion which seeks leave to present newly discovered evidence under Fed. Rule Civ. Proc. 60(b)(2) in support of a claim previously denied; and (3) a motion which contends that a subsequent change in substantive law is a "reason justifying relief" under Fed. Rule Civ. Proc. 60(b)(6) from the previous denial of a claim. *Gonzalez*, 545 U.S. at 531. Again, Mr. Vialva has advanced none of these reasons as a basis for relief.

The motion Mr. Vialva filed did not challenge the court's adjudication of the merits of the claims he raised in his Section 2255 motion. It asserted they were never meaningfully adjudicated in the first place. By any measure, this is a defect in the integrity of the adjudication, and reasonable jurists could so debate.

## CONCLUSION

For the foregoing reasons, the Court should certify an appeal.

Respectfully submitted,


*s/Jared Tyler*
JARED TYLER
Texas Bar Association #24042073
Tyler Law Firm, PLLC
P.O. Box 764
Houston, Texas 77001
Telephone: 713 861-4004
Electronic Mail: jptyler@tylerlawfirm.org.

SUSAN M. OTTO
Oklahoma Bar # 6818
Federal Public Defender
MICHAEL LIEBERMAN
Oklahoma Bar #32694
Assistant Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930
Electronic Mail: Susan_Otto@fd.org;
Michael_Lieberman@fd.org.

COUNSEL FOR APPELLANT/MOVANT
CHRISTOPHER ANDRÉ VIALVA

**CERTIFICATE OF SERVICE AND COMPLIANCE WITH ECF FILING STANDARDS**

I certify that, on July 2, 2018, the foregoing brief in support was served, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, upon the following registered CM/ECF users:

Joseph H. Gay Jr.
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5512
joseph.gay@usdoj.gov

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*s/Jared Tyler*
JARED TYLER

**CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> This brief contains 722 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> This brief has been prepared in a proportionally spaced Times New Roman typeface using Microsoft Word 2016 in text and footnotes.

> _s/Jared Tyler_
> JARED TYLER